UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY CHATMAN** | **CIVIL ACTION NO. 3:13-cv-2482** |
|     **LA. DOC #132523** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se petitioner Ricky Chatman, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 3, 2013. Petitioner attacks his 2003 aggravated rape conviction and the life sentence imposed by the Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

*Statement of the Case*

    On or about January 23, 2003, petitioner was found guilty as charged of the offense of aggravated rape of a 10 year old child. On February 6, 2003, he was sentenced to life without parole. [Doc. 4-1, p. 1] He appealed his conviction and sentence to the Second Circuit Court of Appeals claiming (1) insufficiency of the evidence to establish penetration; (2) failure to randomly allot his case; (3) ineffective waiver of trial by jury; (4) failure of the trial court to recuse; (5) improper admission of other crimes evidence; and, (6) ineffective assistance of counsel based on the waiver of trial by jury. On September 24, 2003, the Court of Appeals

affirmed his conviction and sentence. *State of Louisiana v. Ricky Chatman*, 37,523 (La. App. 2 Cir. 9/24/2003), 855 So.2d 875. On some unspecified date petitioner sought writs in the Louisiana Supreme Court. [Doc. 4-1, pp. 2-17; 31-51] On February 13, 2004, the Supreme Court denied writs without comment. *State of Louisiana v. Ricky Chatman*, 2003-2821 (La. 2/13/2004), 867 So.2d 685. Petitioner apparently did not seek further direct review in the United States Supreme Court.[1]

On January 28, 2005, petitioner filed a pleading styled, "Petition for a Writ of Habeas Corpus" in the Fourth Judicial District Court. On February 7, 2005, the District Court denied relief noting that petitioner had been convicted and that his appeals were affirmed by the Court of Appeals and the Supreme Court of Louisiana. On April 7, 2005, the Second Circuit Court of Appeals granted petitioner's writ application and directed the District Court to consider the claims as an application for post-conviction relief. *State of Louisiana v. Ricky E. Chatman*, No. 40024-KH (La. App. 2 Cir. 4/7/2005). [Doc. 1-2, p. 1] On May 6, 2005, the District Court complied with the order of the Court of Appeals and denied all claims for relief. [Doc. 1-2, pp. 2-3] Petitioner apparently did not seek further review in either the Second Circuit Court of Appeals or the Louisiana Supreme Court.[2]

Petitioner filed the instant petition on August 15, 2013. He raises the same claims raised on direct appeal.

---

[1] Petitioner claims to have applied for *certiorari* in the United States Supreme Court; however, he provided the Docket Number and date that certiorari was denied by the Louisiana Supreme Court. [Doc. 4, ¶9(h)]

[2] Petitioner has not alleged any further review of his post-conviction litigation and there are no published orders of the Court of Appeals or Louisiana Supreme Court.

2

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence were affirmed by the Second Circuit Court of

---

[3] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D). Petitioner does not claim any state-created impediments to filing; nor does he allege the recent discovery of the factual basis for his claim; nor does he allege the applicability of new and retroactively applicable Supreme Court jurisprudence.

appeals on September 24, 2003. *State of Louisiana v. Ricky Chatman*, 37,523 (La. App. 2 Cir. 9/24/2003), 855 So.2d 875. His application for writs was denied by Louisiana's Supreme Court on February 13, 2004. *State of Louisiana v. Ricky Chatman*, 2003-2821 (La. 2/13/2004), 867 So.2d 685. As noted above, he apparently did not seek further direct review in the United States Supreme Court. Assuming that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about May 13, 2004, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on May 13, 2004, petitioner had one year, or until May 13, 2005, to file his federal *habeas corpus* suit.

Petitioner was apparently able to toll limitations between January 28, 2005 - May 6, 2005, the time during which his post-conviction attack remained pending. However, seven months of the one year AEDPA limitations period expired between the date that his judgment of conviction became final and the date he filed his post-conviction proceedings, and thereafter a period of over eight years elapsed between the date that his post-conviction litigation terminated and the date he filed the instant petition. In other words, the instant petition is clearly time-barred and dismissal on that basis is appropriate.

**2. Equitable Tolling**

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Petitioner

5

was not diligent with regard to his post-conviction litigation and thus clearly not entitled to equitable tolling.

### 3. Appointment of Counsel

On September 3, 2013, petitioner requested appointment of counsel. [Doc. 9] While there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences (see *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992)) the court may nevertheless appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. See 28 U.S.C. § 2254(h); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the District Courts; and 18 U.S.C. §3006A. Of course, should the court ultimately determine that an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that in the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants).

The undersigned finds that, at this time, petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claims, and, in light of the evidence thus far presented, since it appears that the petition is time-barred, there is no need for an evidentiary hearing.

*Conclusion and Recommendation*

Therefore,

Petitioner's Motion for Appointment of Counsel [Doc. 9] is **DENIED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In chambers, Monroe, Louisiana, September 30, 2013.

                                            KAREN L. HAYES
                                            U. S. MAGISTRATE JUDGE