UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY CHATMAN (LA. DOC #132523)** | **CIVIL ACTION NO. 13-2482** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

*Pro se* Petitioner Ricky Chatman ("Chatman") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 3, 2013. Petitioner attacks his 2003 aggravated rape conviction and the life sentence imposed by the Fourth Judicial District Court, Morehouse Parish. On September 30, 2013, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 11] recommending that the Court dismiss the petition as time-barred.

Chatman filed objections to the Report and Recommendation [Doc. No. 13] in which he admits that his petition was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or "AEDPA"). Further, he does not object to the Magistrate Judge's determination that he is not entitled to statutory or equitable tolling. Instead, Chatman objects that under the Supreme Court's decision in *McQuiggin v. Perkins*, 133 Sup. Ct. 1924 (2013), "his actual innocence plea can overcome AEDPA's one year limitation period." [Doc. No. 13, p. 3].

In *McQuiggin*, the Supreme Court considered the following question: "if the petitioner does not file her federal habeas petition, at the latest, within one year of 'the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence,' [28 U.S.C.] § 2244(d)(1)(D), can the time bar be overcome by a convincing showing that she committed no crime?" 133 Sup. Ct. at 1928. The Supreme Court answered the question affirmatively, but only in limited circumstances, stating:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup [v. Delo*, 513 U.S. 298 (1995)] . . . And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S.[] at 332 . . . .

133 Sup. Ct. at 1928.

In this case, however, *McQuiggin* is inapplicable. Chatman's claim of "actual innocence" is not that at all. Rather, he claims that the evidence was insufficient to convict him of aggravated rape because, as he argued on direct appeal, "his actions did not satisfy or prove the element of penetration of the victim." [Doc. No. 13, p. 3]. This not the type of claim which serves as a gateway through which an otherwise untimely petitioner may pass.

For the reasons set forth in the Report and Recommendation, which are adopted, and for the additional reasons set forth in this Ruling, Chatman's Petition is DISMISSED WITH PREJUDICE as untimely.

MONROE, LOUISIANA, this 6th day of November, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE